It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.
In re Griego, 64 F.3d at 584.
Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676, 100 S.Ct. 2406 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's *1241 adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).
Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132, 2013 WL 1010401 (D.N.M. February 27, 2013) (Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF & RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where " 'the Court cannot say that the Magistrate Judge's recommendation ... is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.' " Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012) (Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013) (Browning, J.)("The Court rather reviewed the findings and recommendations ... to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013) (Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the ... findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151, 106 S.Ct. 466 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is signed the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.
ANALYSIS
The Court has carefully reviewed the PFRD and the Defendants' Motion to Dismiss. The Court did not review the PFRD de novo, because the parties have not objected to the PFRD, but, rather, reviewed Magistrate Judge Ritter's PFRD
*1242 to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. See Alexandre v. Astrue, 2013 WL 1010439, at *4. The Court concludes that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Rather, taking all facts stated in the Complaint as true, Plaintiff has failed to adequately plead the elements of adverse possession under New Mexico law. Accordingly, the Court agrees that the Court should dismiss the Complaint.
IT IS ORDERED that the Defendants Wells Fargo Bank, N.A., and Select Portfolio Servicing, Inc.'s Motion to Dismiss, filed February 7, 2018 (Doc. 4), is granted. This case is dismissed with prejudice. The requests in the Plaintiff's Letter from Moya, to the Court, dated June 6, 2018, filed June 7, 2018 (Doc. 19), are denied as moot.